UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT A.,

             Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 3:21-cv-05393-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 16, 23, 24.

Plaintiff, who alleges that he is disabled due to physical and mental impairments, including depression, anxiety, and personality disorder, challenges the Administrative Law Judge's ("ALJ") evaluation of two opinions from examining psychologist, Dr. Wheeler. Plaintiff requests that the Court remand this case for an award of benefits.

ORDER ON PLAINTIFF'S COMPLAINT - 1

1 | The Court concludes that the ALJ erred in evaluating Dr. Wheeler's opinions that plaintiff would have a number of work-related limitations, including that he would be markedly limited in his abilities to maintain work attendance and to complete a normal workday and workweek without interruption from his symptoms. In rejecting these opinions, the ALJ overlooked Dr. Wheeler's objective clinical findings supporting her opinions and erroneously concluded that Dr. Wheeler relied on plaintiff's subjective complaints in finding that plaintiff has significant work-related limitations. The ALJ further erred by finding—without explanation—that plaintiff's daily activities are inconsistent with Dr. Wheeler's opined limitations, despite that Dr. Wheeler was aware of and considered the same activities in rendering her opinions.

The ALJ's errors were not harmless, and crediting Dr. Wheeler's opinions as true, the ALJ would be required to find plaintiff disabled on remand. Therefore, remanding this case for the ALJ to reevaluate the evidence would serve no useful purpose. Accordingly, remand for award of benefits is the appropriate remedy.

**PROCEDURAL HISTORY**

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR 64. Plaintiff's requested hearing was held before ALJ Lawrence Lee on August 4, 2020. *See* AR 64. On September 23, 2020, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 64–82.

On April 8, 2021, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

written decision in May 2021. *See* Dkts. 1, 5. Defendant filed the sealed administrative record ("AR") regarding this matter on October 5, 2021. *See* Dkt. 14.

## BACKGROUND

Plaintiff, Scott A., was born in 1980 and was 38 years old on the alleged date of disability onset of July 12, 2018. *See* AR 64, 80. Plaintiff obtained his GED, and his prior work history includes work as a restaurant waiter and busser. *See* AR 94, 99. Plaintiff states that he stopped working due to his conditions. *See* AR 309.

According to the ALJ, plaintiff has at least the severe impairments of congestive heart failure, depression, anxiety, personality disorder, cannabis abuse, and history of alcohol and methamphetamine abuse in sustained full remission. AR 66.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the ALJ erred in evaluating the medical opinions of an examining psychologist, Dr. Wheeler. *See* Dkt. 16, at 5–12. Finding this issue dispositive, the Court declines to address plaintiff's remaining arguments.

**I.     Evaluation of Medical Opinion Evidence**

**A. Medical Opinion Standard of Review**

For cases filed on or after March 27, 2017, the Administration has directed ALJs that they are no longer to defer to medical opinions from treating or examining sources (*see* 20

C.F.R. §§ 404.1527(c)), instead evaluating the persuasiveness of medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 404.1520c(a).

As this Court has previously concluded, the post-March 2017 regulations supplant judicial precedent regarding the weight given to controverted examining and treating medical opinions, to the extent that there is any conflict. *See* Dkt. 20, *Mooney v. Comm'r of Soc. Sec.*, 3:19-cv-05103-RBL-JRC (W.D. Wash. Feb 14, 2020) (report and recommendation adopted March 9, 2020); Dkt. 15, *Martinson v. Comm'r of Soc. Sec.*, 3:20-cv-05149-JRC (W.D. Wash. August 25, 2020).

The parties do not challenge that the revised regulations apply. *See* Dkts. 16, at 8; 23, at 4. Based on the analysis above, the Court reviews solely whether the ALJ's decision is supported by substantial evidence and is free from legal error. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). That is, the ALJ "must provide sufficient reasoning that allows us to perform our own review, because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Id.* (internal citations and quotations omitted).

### B.  Dr. Wheeler's 2019 and 2020 Opinions

Kimberly Wheeler, Ph.D. examined and evaluated plaintiff on two occasions: in March 2019 and May 2020. *See* AR 1251–55, 1616–20. Dr. Wheeler's March 2019 examination consisted of a clinical interview, mental status examination ("MSE"), and review of plaintiff's health records, including treatment records and a prior psychological evaluation from 2015. AR 1251–55. Based on her examination, Dr. Wheeler diagnosed plaintiff with major depressive disorder, social anxiety with some generalized anxiety disorder elements, methamphetamine use

disorder in sustained full remission, and alcohol use disorder in sustained full remission. AR 1252. Dr. Wheeler opined that plaintiff would have a number of mild to marked limitations on his abilities to perform work activities, including that plaintiff would be markedly limited in his abilities to maintain regular attendance and be punctual within customary tolerances and to complete a normal workday and workweek without interruptions from his symptoms. *See* AR 1253.

In May 2020, Dr. Wheeler examined plaintiff a second time. *See* AR 1616–20. Dr. Wheeler's second examination consisted of a clinical interview, MSE, review of Washington State Department of Social and Health Services ("DSHS") case notes, and review of Dr. Wheeler's March 2019 evaluation. *See id.* Based on her second evaluation, Dr. Wheeler diagnosed plaintiff other specified personality disorder (mixed avoidant, dependent traits), social anxiety with generalized anxiety disorder elements, unspecified depressive disorder, alcohol use disorder in sustained remission, and methamphetamine use disorder in sustained remission. AR 1618. Dr. Wheeler again opined that plaintiff would have a number of mild to marked functional limitations, with an overall severity rating of "marked" based on the combined impact of all diagnosed mental impairments. *See id.*

Addressing both opinions together, the ALJ found that Dr. Wheeler's opinions were "not persuasive" because (1) they are inconsistent with the overall medical evidence of record; (2) Dr. Wheeler relied on plaintiff's subjective complaints in assessing his functioning; (3) the opinions are inconsistent with plaintiff's daily activities; (4) the opinions are inconsistent with plaintiff's minimal treatment history and his conditions are "stable" on a medication regimen; (5) the opinions are not consistent with plaintiff's performance during MSEs; and (6) Dr .Wheeler failed to consider the effects of plaintiff's marijuana use on his motivation and functioning. AR 78–79.

With respect to the first reason, the ALJ concluded—without explanation—that Dr. Wheeler's opinions are inconsistent with the overall medical evidence of record. AR 79. "Consistency" with the record as a whole is an important factor that an ALJ must consider when evaluating a medical opinion. 20 C.F.R. § 416.920c(b)(2), (c)(2). However, the ALJ must "explain" how he considered "consistency" in evaluating a medical opinion. *Id.* at § 416.920c(b)(2). The ALJ's failure to explain how Dr. Wheeler's opinions are inconsistent with the overall medical evidence of record runs afoul of 20 C.F.R. § 416.920c and is error. *See id.*; *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Next, the ALJ found that Dr. Wheeler "primarily relied" on plaintiff's subjective complaints in assessing the opined limitations, implying that Dr. Wheeler's opinions are not supported by objective medical evidence. AR 79. As with consistency, "supportability" is an important factor in evaluating a medical opinion, and an ALJ must "articulate" how he considered this factor in his written decision. 20 C.F.R. § 416.920c(a), (b)(2).

However, in this case, the ALJ appears to have overlooked objective evidence supporting Dr. Wheeler's opinions. For example, during plaintiff's 2019 MSE, Dr. Wheeler observed that plaintiff's mood was anxious, his affect blunted, and that his concentration was not within normal limits. *See* AR 1254–55 (also noting diffuse, vague and deflective speech; low energy and misunderstanding of questions asked). Likewise, during the 2020 MSE, Dr. Wheeler observed that plaintiff's mood was "blah, bland," his affect blunted, and that his memory, concentration, and judgment and insight were not within normal limits. AR 1619–20 (also noting plaintiff's low energy, marginally cooperative attitude, and distraction during the

examination). These objective findings tend to support Dr. Wheeler's opinions that plaintiff has mood and functional symptoms that would limit his abilities to perform work activities. *See* Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993) ("Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation."). Thus, the ALJ's conclusion that Dr. Wheeler primarily relied on plaintiff's subjective complaints in rendering her opinions, and that the opinions are not supported by objective evidence, is not supported by substantial evidence. *See Lambert*, 980 F.3d at 1277; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

Regarding the ALJ's third reason, the ALJ also found Dr. Wheeler's opinions unpersuasive because they are inconsistent with plaintiff's reported activities. AR 79. Here, the ALJ identified plaintiff's ability to prepare meals, perform household chores, use public transportation, shop independently, and watch YouTube videos as evidence suggesting that plaintiff's functioning is not as limited as alleged. *See id.* However, Dr. Wheeler was aware that plaintiff was capable of such activities, and she nonetheless opined that plaintiff would be limited in his abilities to carry out work activities. *See* AR 1252, 1617 (noting daily activities of watching TV/YouTube, ability to shop for himself, do some house chores and spend time socializing with family and friends). Without additional explanation, it is not clear to the Court how the cited daily activities are inconsistent with plaintiff's reported activities or with Dr. Wheeler's opined limitations. *See* 20 C.F.R. § 916.920c(b)(2) (An ALJ is required to explain how he considered consistency of a medical opinion with other evidence of record); *see also*

1  *Blakes*, 331 F.3d at 569.  Therefore, the ALJ's conclusion that plaintiff's reported daily activities
2  are inconsistent with Dr. Wheeler's opinions is not supported by substantial evidence.
3        Next, the ALJ found—without explanation—that Dr. Wheeler's opinions are inconsistent
4  with plaintiff's minimal treatment history, as well as evidence showing that plaintiff's conditions
5  are "stable on only his medication regimen."  AR 79.  As noted above, the ALJ may find that a
6  medical opinion's inconsistency with the medical evidence of record renders that opinion less
7  persuasive.  *See* C.F.R. § 920c(c)(2).  However, the ALJ must explain any such inconsistencies.
8  *See id.* at § 920c(a), (b)(2).  Again, the ALJ failed to explain how plaintiff's lack of medical
9  treatment and stability on medication are inconsistent with Dr. Wheeler's opinion.  *See* 20 C.F.R.
10  920c(a), (b)(2) (requiring explanation of inconsistencies); *see also Lambert*, 980 F.3d at 1277
11  (the ALJ must provide sufficient reasoning for his findings).
12        Further, Dr. Wheeler noted that plaintiff's treatment history was minimal and that he was
13  taking medication for his anxiety.  *See* AR 1251 (also noting that plaintiff was previously placed
14  on a psychiatric hold when he became irrational and wanted to leave a hospital during cardiac
15  treatment), AR 1616 (also noting that plaintiff was evaluated another time when his mother
16  became worried and called the authorities).  Dr. Wheeler further addressed plaintiff's lack of
17  treatment, noting that he would need a "seasoned therapist" to address plaintiff's "avoidant" and
18  "dependent" behavior and symptoms.  AR 1253, 1616.  Taking these factors into consideration,
19  Dr. Wheeler opined that plaintiff would still have significant work-related limitations.  *See* AR
20  1618; *see also Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[T]he fact that claimant
21  may be one of millions of people who did not seek treatment for a mental disorder until late in
22  the day is not a substantial basis on which to conclude that [a physician's] assessment of
23  claimant's condition is inaccurate.").
24

ORDER ON PLAINTIFF'S COMPLAINT - 8

1  Additionally, the record does not support the ALJ's characterization of plaintiff as being
2  "stable on only his medication regimen." AR 79.  Rather, it appears that although plaintiff
3  remained on the same medication, he nonetheless continued to complain of increased depression,
4  fatigue, and medication side effects and to display mood, affect and other symptoms.  *See* AR
5  1040–1041, 1064–65, 1130–31, 1150, 1511–1514, 1516–1520; *see also Ghanim v. Colvin*, 763
6  F.3d 1154, 1164 (9th Cir. 2014) (finding error where the ALJ improperly "cherry-picked"
7  aspects of the record that support the ALJ's decision, while failing to develop the record on
8  aspects of the record that support a finding of disabling limitations).  Thus, without further
9  explanation, it is unclear to the Court how plaintiff's lack of treatment and continued medication
10 regimen are inconsistent with Dr. Wheeler's opinions.  *See* 20 C.F.R. § 404.927c(a), (b)(2);
11 *Blakes*, 31 F.3d at 569.  Accordingly, the ALJ's conclusions are not supported by substantial
12 evidence.

13  As for the ALJ's fifth reason, the ALJ concluded that Dr. Wheeler's opinions are
14 inconsistent with plaintiff performance during Dr. Wheeler's MSEs, which "only show some
15 deficits in mental functioning." AR 79.  As discussed above, Dr. Wheeler observed a number of
16 abnormalities displayed by plaintiff during MSEs, including that plaintiff's mood was anxious,
17 his affect was blunted, and his concentration and memory were not within normal limits.  *See* AR
18 1254–55, 1619–20.  Again, these findings tend to support to support Dr. Wheeler's opinions that
19 plaintiff has mood and functional symptoms that would limit his abilities to perform work
20 activities.  Thus, by characterizing plaintiff's MSE performance as showing "only some deficits
21 in mental functioning" (AR 79), the ALJ appears to have overlooked portions of MSEs and
22 improperly substituted his own judgment for that of Dr. Wheeler's observations.  *See Reddick v.*
23 *Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (When an ALJ seeks to discredit a medical opinion, he
24

must explain why his own interpretations, rather than those of the doctor, are correct.); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. [. . .] Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted).

Finally, the ALJ found that Dr. Wheeler "failed to examine the effects of plaintiff's chronic marijuana use on his motivation and functioning." AR 79. The ALJ did not explain how such a finding would undermine Dr. Wheeler's opinions, as he was required to do. *See* 20 C.F.R. § 920c(a), (b)(2). Even so, substantial evidence does not support the ALJ's finding. During the 2019 examination, Dr. Wheeler was aware of plaintiff's daily marijuana use, and she found that even if plaintiff were sober, the effects of his mental impairments would still impact basic work activities. *See* AR 1251, 1253. Similarly, during the 2020 examination, Dr. Wheeler noted that plaintiff had stopped using marijuana and that plaintiff would still be limited in performing basic work activities. *See* AR 1617–18. Thus, it appears that Dr. Wheeler did consider plaintiff's marijuana use and its impact on plaintiff's functioning. To the extent that the ALJ concluded that Dr. Wheeler's opinions are inconsistent with or not supported due to plaintiff's marijuana use, he failed to specify or explain any such conflict. *See* AR 79; 20 C.F.R. § 404.920c(a), (b)(2); *Lambert*, 980 F.3d at 1277.

In sum, the ALJ's evaluation of Dr. Wheeler's opinions was not supported by substantial evidence. The Court further finds that the ALJ's error was not harmless. Had the ALJ fully credited Dr. Wheeler's opinions regarding plaintiff's mental limitations, the residual functional capacity ("RFC") would have included greater limitations. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)) ("'a

reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'").

## II. Remaining Issues

Plaintiff also argues that the ALJ improperly considered plaintiff's drug and alcohol use in discrediting plaintiff's subjective complaints. Dkt. 16, at 12. Additionally, plaintiff argues that the ALJ's decision was constitutionally defective because of the unconstitutional appointment and removal of the Commissioner of Social Security. *See id.* at 13–20. Because the case may be resolved without considering plaintiff's remaining arguments, the Court declines to address these issues.

## III. Remand for Award of Benefits

Plaintiff asks the Court to remand this case for an award of benefits. *See* Dkt. 16, at 21. A remand for an award of benefits is appropriate "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)). But "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *See Treichler v. Cmm'r*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the record is well-developed regarding plaintiff's mental limitations, the focus of Dr. Wheeler's opinions. Considering Dr. Wheeler's examining relationship with plaintiff and

the overall evidence of record supporting Dr. Wheeler's opinions, any further administrative proceedings would not be helpful in reevaluating any inconsistencies in the state agency reviewing doctors' opinions, where only a limited number of plaintiff's medical records were reviewed. *See* AR 149–50, 171–73; *see also* 20 C.F.R. § 920c(c)(3)(v) ("A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder."). Further, every other examining or reviewing doctor of record opined that plaintiff would be at least markedly limited in his abilities to perform activities within a schedule and maintain regular attendance within customary tolerances; to maintain appropriate behavior in a work setting; and to complete a normal workday and workweek without interruptions from symptoms. *See* AR 1129–32, 1208–12, 1217–26, 1232–39, 1243–48, 1256–57; *but see* AR 1145–51 (examining opinion regarding diagnoses but giving no functional assessment).

If Dr. Wheeler's opinions were credited as true, particularly her opinion that plaintiff is markedly limited in his abilities to maintain regular attendance and to complete a normal workday and workweek without interruptions from symptoms, the ALJ would be required to find plaintiff disabled on remand. *See* AR 1253, 1618; *Revels v. Berryhill*, 874 F.3d 648, 665 (9th Cir. 2017) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 n. 12 (9th Cir. 2007)) ("Because the [vocational expert] testified that a [plaintiff] with the physical limitations outlined in [a treating doctor]'s medical opinion would be unable to do any full-time work, the [treating doctor]'s medical opinion *alone* establishes that [the plaintiff] is entitled to benefits.").

The ALJ and plaintiff's attorney questioned the vocational expert ("VE") at the hearing regarding whether plaintiff would be competitively employable if he was absent from work more than one day per month or was off task more than 10% in a workday. *See* AR 109–12. In each

ORDER ON PLAINTIFF'S COMPLAINT - 12

instance, the VE testified that a person with these limitations would not be able to maintain competitive employment. *See id.* Therefore, crediting Dr. Wheeler's opinions as true, there is no serious question regarding plaintiff's lack of employability, and remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for an award of benefits.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 18th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge